J-A22037-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SANDRA SNITOW | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HOWARD N. SNITOW, LEVEL FOUR | : | |
| PARTNERS, L.P., LEVEL FOUR | : | |
| MANAGEMENT, INC., IN ITS OWN | : | No. 2165 EDA 2016 |
| NAME AND TRADING AS LEVEL | : | |
| FOUR PARTNERS, L.P. | : | |
| | : | |
| Appellant | : | |

Appeal from the Judgment Entered June 20, 2016
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  November Term, 2010 No. 04182

BEFORE: BOWES, J., SOLANO, J., and PLATT[*], J.

CONCURRING/DISSENTING STATEMENT BY SOLANO, J.:

**FILED DECEMBER 22, 2017**

I concur in the result, except that I dissent from the Majority's affirmance of the trial court's use of 2004 as the opening date for its calculation of prejudgment interest on all of the damages in this case, even though most of the misconduct giving rise to damages occurred well after that date.  Howard Snitow began his improper payments to Denise Kelly in 2004, and prejudgment interest on the damages resulting from those 2004 payments may be calculated from that date.  But the other misconduct (including other payments made to Kelly) occurred far later;  the Reed Street transaction, for example, occurred in 2010.  I can conceive of no basis upon

_____
[*] Retired Senior Judge assigned to the Superior Court.

which 6% interest should be paid on damages that have not yet occurred. And I do not agree that the trial court could avoid a proper calculation of interest merely because it would be "burdensome," Tr. Ct. Op. at 27; the court could properly direct the parties to do the math.